MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EVARISTO ESPINOBARROS BASURTO,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff*,

-against-

DIALA DELI GOURMET CORP.  (D/B/A
DIALA DELI), 2009 NEW LLC (D/B/A
DIALA DELI), THIRD AVE DELI
GOURMET CORP.  (D/B/A DIALA DELI),
ABRAHAM KASSIM , and ERICK
VARGAS,

*Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

   Plaintiff Evaristo Espinobarros Basurto ("Plaintiff Espinobarros" or "Mr. Espinobarros"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Diala Deli Gourmet Corp. (d/b/a Diala Deli), 2009 New LLC (d/b/a Diala Deli), Third Ave Deli Gourmet Corp. (d/b/a Diala Deli), ("Defendant Corporations"), Abraham Kassim and  Erick Vargas, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

   1.  Plaintiff Espinobarros is a former employee of Defendants Diala Deli Gourmet Corp. (d/b/a Diala Deli), 2009 New LLC (d/b/a Diala Deli), Third Ave Deli Gourmet Corp. (d/b/a Diala Deli), Abraham Kassim, and Erick Vargas.

2.      Defendants own, operate, or control a deli, located at 3214 3rd Ave, Bronx, NY 10451 under the name "Diala Deli."

3.      Upon information and belief, individual Defendants Abraham Kassim and Erick Vargas, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the deli as a joint or unified enterprise.

4.      Plaintiff Espinobarros was employed as a deli worker at the deli located at 3214 3rd Ave., Bronx, NY 10451.

5.      At all times relevant to this Complaint, Plaintiff Espinobarros worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Espinobarros appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Espinobarros the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Espinobarros to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Espinobarros and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiff Espinobarros now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New

York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Espinobarros seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Espinobarros's state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Espinobarros was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Evaristo Espinobarros Basurto ("Plaintiff Espinobarros" or "Mr. Espinobarros") is an adult individual residing in Bronx County, New York.

15.    Plaintiff Espinobarros was employed by Defendants at Diala Deli from approximately October 2015 until on or about October 14, 2019.

16.    Plaintiff Espinobarros consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a deli, located at 3214 3rd Ave, Bronx, NY 10451 under the name "Diala Deli."

18.     Upon information and belief, Diala Deli Gourmet Corp. (d/b/a Diala Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3214 3rd Ave., Bronx, NY 10451.

19.     Upon information and belief, 2009 New LLC (d/b/a Diala Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3214 3rd Ave, Bronx, NY 10451.

20.     Upon information and belief, Third Ave Deli Gourmet Corp. (d/b/a Diala Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3214 3rd Ave, Bronx, NY 10451.

21.     Defendant Abraham Kassim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Abraham Kassim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Abraham Kassim possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Espinobarros, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Erick Vargas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Erick Vargas is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Erick Vargas possesses operational control over Defendant Corporations, an ownership interest in Defendant

Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Espinobarros, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

23.    Defendants operate a deli located in the William McKinley Houses section in the Bronx in New York.

24.    Individual Defendants, Abraham Kassim and Erick Vargas, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.    Each Defendant possessed substantial control over Plaintiff Espinobarros's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Espinobarros, and all similarly situated individuals, referred to herein.

27.    Defendants jointly employed Plaintiff Espinobarros (and all similarly situated employees) and are Plaintiff Espinobarros's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.    In the alternative, Defendants constitute a single employer of Plaintiff Espinobarros and/or similarly situated individuals.

29.    Upon information and belief, Individual Defendants Abraham Kassim and Erick Vargas operate Defendant Corporations as either alter egos of  themselves and/or fail to operate

Defendant Corporations as entities legally separate and apart from themselves, by among other things:

  a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

  b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c) transferring assets and debts freely as between all Defendants,

  d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

  e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

  f) intermingling assets and debts of their own with Defendant Corporations,

  g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

  h) Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Espinobarros's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Espinobarros, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Espinobarros's services.

31.     In each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.    Plaintiff Espinobarros is a former employee of Defendants who was employed as a deli worker.

34.    Plaintiff Espinobarros seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Evaristo Espinobarros Basurto*

35.    Plaintiff Espinobarros was employed by Defendants from approximately October 2015 until on or about October 14, 2019.

36.    Defendants employed Plaintiff Espinobarros as a deli worker.

37.    Plaintiff Espinobarros regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.    Plaintiff Espinobarros's work duties required neither discretion nor independent judgment.

39.    Throughout his employment with Defendants, Plaintiff Espinobarros regularly worked in excess of 40 hours per week.

40.    From approximately October 2015 until on or about October 14, 2019, Plaintiff Espinobarros worked three weeks each month from approximately 6:00 a.m. until on or about 6:00 p.m., 6 days a week (typically 72 hours per week).

41.    During the same period of time, Plaintiff Espinobarros worked one week each month from approximately 6:00 a.m. until on or about 6:00 p.m., 7 days a week (typically 84 hours per week).

42.     Throughout his employment, Defendants paid Plaintiff Espinobarros his wages in cash.

43.     From approximately October 2015 until on or about October 2017, Defendants paid Plaintiff Espinobarros a fixed salary of $700 per week.

44.     From approximately November 2017 until on or about March 2019, Defendants paid Plaintiff Espinobarros a fixed salary of $800 per week.

45.     From approximately April 2019 until on or about October 14, 2019, Defendants paid Plaintiff Espinobarros a fixed salary of $900 per week.

46.     Plaintiff Espinobarros's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.     For example, Defendants required Plaintiff Espinobarros to work an additional one extra day one week each month, and did not pay him for the additional time he worked.

48.     Defendants never granted Plaintiff Espinobarros any breaks or meal periods of any kind.

49.     Plaintiff Espinobarros was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Espinobarros regarding overtime and wages under the FLSA and NYLL.

51.     Defendants did not provide Plaintiff Espinobarros an accurate statement of wages, as required by NYLL 195(3).

52.     Defendants did not give any notice to Plaintiff Espinobarros, in English and in Spanish (Plaintiff Espinobarros's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.    Defendants required Plaintiff Espinobarros to purchase "tools of the trade" with his own funds—including one pair of shoes.

*Defendants' General Employment Practices*

54.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Espinobarros (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

55.    Plaintiff Espinobarros was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56.    Defendants' pay practices resulted in Plaintiff Espinobarros not receiving payment for all his hours worked, and resulted in Plaintiff Espinobarros's effective rate of pay falling below the required minimum wage rate.

57.    Defendants habitually required Plaintiff Espinobarros to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

58.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59.    Defendants paid Plaintiff Espinobarros his wages in cash.

60.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Espinobarros (and similarly situated individuals) worked, and to avoid paying Plaintiff Espinobarros properly for his full hours worked.

62.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Espinobarros and other similarly situated former workers.

64.     Defendants failed to provide Plaintiff  Espinobarros and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65.     Defendants failed to provide Plaintiff Espinobarros and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66.      Plaintiff Espinobarros brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or

were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67.    At all relevant times, Plaintiff Espinobarros and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

68.    The claims of Plaintiff Espinobarros stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

69.    Plaintiff Espinobarros repeats and realleges all paragraphs above as though fully set forth herein.

70.    At all times relevant to this action, Defendants were Plaintiff Espinobarros's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Espinobarros (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

71.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73.    Defendants failed to pay Plaintiff Espinobarros (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

- 11 -

74.     Defendants' failure to pay Plaintiff Espinobarros (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff Espinobarros (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

76.     Plaintiff Espinobarros repeats and realleges all paragraphs above as though fully set forth herein.

77.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Espinobarros (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78.     Defendants' failure to pay Plaintiff Espinobarros (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79.     Plaintiff Espinobarros (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

80.      Plaintiff Espinobarros repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Espinobarros's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Espinobarros, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

82.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Espinobarros less than the minimum wage.

83.     Defendants' failure to pay Plaintiff Espinobarros the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84.     Plaintiff Espinobarros was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

85.      Plaintiff Espinobarros repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Espinobarros  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.     Defendants' failure to pay Plaintiff Espinobarros overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88.     Plaintiff Espinobarros was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

89.      Plaintiff Espinobarros repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants failed to pay Plaintiff Espinobarros one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Espinobarros's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

91.    Defendants' failure to pay Plaintiff Espinobarros an additional hour's pay for each day Plaintiff Espinobarros's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

92.    Plaintiff Espinobarros was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

93.    Plaintiff Espinobarros repeats and realleges all paragraphs above as though fully set forth herein.

94.    Defendants failed to provide Plaintiff Espinobarros with a written notice, in English and in Spanish (Plaintiff Espinobarros's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95.    Defendants are liable to Plaintiff Espinobarros in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

96.    Plaintiff Espinobarros repeats and realleges all paragraphs above as though fully set forth herein.

97.    With each payment of wages, Defendants failed to provide Plaintiff Espinobarros with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98.    Defendants are liable to Plaintiff Espinobarros in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

99.    Plaintiff Espinobarros repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants required Plaintiff Espinobarros to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing  his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

101.    Plaintiff Espinobarros was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Espinobarros respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Espinobarros and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Espinobarros and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Espinobarros's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Espinobarros and the FLSA Class members;

(f)    Awarding Plaintiff Espinobarros and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Espinobarros and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Espinobarros;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Espinobarros;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Espinobarros;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of

- 16 -

the NYLL with respect to Plaintiff Espinobarros's compensation, hours, wages and any deductions

or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL and spread of

hours wage order were willful as to Plaintiff Espinobarros;

(m)    Awarding Plaintiff Espinobarros damages for the amount of unpaid minimum wage

and overtime compensation, and for any improper deductions or credits taken against wages, as

well as awarding spread of hours pay under the NYLL as applicable

(n)    Awarding Plaintiff Espinobarros damages for Defendants' violation of the NYLL

notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Espinobarros liquidated damages in an amount equal to one

hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread

of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages

pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Espinobarros and the FLSA Class members pre-judgment and

post-judgment interest as applicable;

(q)    Awarding Plaintiff Espinobarros and the FLSA Class members the expenses

incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Espinobarros demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

October 23, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 21, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:    Evaristo Espinobarros

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:    21 de Octubre del 2019

*Certified as a minority-owned business in the State of New York*